

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 9, 1950

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1113.

Re: Legality of drawing war-
rant for refund of money
paid into State Employee
Retirement System by a
former State employee:
who has been convicted of
obtaining State funds by
filing false tax refund
claims.

Dear Mr. Calvert:

You request an opinion of this office concern-
ing the refund of accumulations paid into the State Em-
ployees' Retirement Fund and state the following facts
in your opinion request:

"Raymond M. Hanks, a former employee of
this department, has recently been convicted
in the District Court, Travis County, Texas,
and sentenced to a term in the state peniten-
tiary upon the charge of filing false claims
for refund of the motor fuel tax.

"An audit of this department shows that
Raymond M. Hanks obtained from such false
claims filed in this department approximately
$38,000.00. None of this $38,000.00 has been
repaid to the State by Raymond M. Hanks.

"Raymond M. Hanks was an employee of this
department for approximately 17 years and was
an employee at the time the State Employee's
Retirement System became effective. He was a
member of the retirement system and has paid into
such system a sum of $300.00. He has accumu-
lated a sum of 15 years prior service into the
retirement system.

"This department has received a claim signed by Raymond M. Hanks, for the amount of money he has paid into the retirement system, requesting that we issue warrant payable to Raymond M. Hanks for the amount he has actually paid into the retirement system. Raymond M. Hanks terminated his employment with this department 18 months ago and has not been an employee of the retirement system since."

The question to be answered, based upon these facts, is whether you are authorized to issue a warrant payable to the above-named former employee for his contribution to the Employees' Retirement System.

Article 4350, Vernon's Civil Statutes, provides:

"No warrant shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid."

It is well settled that the unlawful taking of money or other thing of value creates a debt recoverable in a civil action as well as a criminal liability to the State for the unlawful taking. Gould v. Baker, 35 S.W. 708 (Tex.Civ.App. 1896); Downs v. City of Baltimore, 111 Md. 674, 76 Atl. 861 (1910). Thus the claimant in this case is indebted to the State of Texas for the amount of money he received by virtue of his false claims, for which offense he was duly convicted. The civil action, however, is not dependent upon the criminal conviction but is based solely upon the unlawful taking. Annotation 41 L.R.A. (N.S.) 255 (1910).

Since Hanks is indebted to the State, under the clear mandate of Article 4350 you are not authorized to issue a warrant to the claimant so long as his debt to the State is outstanding.

It is true, as you state in your opinion request, that Section 9 of Article 6228a, Vernon's Civil Statutes, the Texas Employees' Retirement Act, provides that "the right of a person . . . to the return of contributions, . . . and the moneys in the various funds created by this act, are hereby exempt from any State or municipal tax, and exempt

from levy and sale, garnishment, attachment, or any other process whatsoever." We are precluded from a consideration of this provision since the prohibition of Article 4350 against the issuance of a warrant attaches prior to any legal process on the part of the State to recover the contributions. Whether the funds would be subject to attachment or any other process does not concern the issuance of a warrant in the first instance. Since the Legislature has manifested the intent that no such warrant shall be issued, this involves no process such as levy or attachment. Nor does Section 9 affect the outstanding debt; it remains in existence even though funds normally available to satisfy the indebtedness are not subject to levy, garnishment, or attachment.

It is therefore our opinion that you may not issue a warrant to Hanks so long as he remains indebted to the State of Texas.

## SUMMARY

Article 4350, V.C.S., prohibits the issuance of a State warrant for the purpose of paying the amount of accumulated contributions standing to the credit of a former State employee in the Employees' Saving Fund (Art. 6228a, V.C.S.) when such former employee is indebted to the State as a result of the embezzlement of State funds.

Yours very truly,

APPROVED:

C. K. Richards
Trial and Appellate
Division

Charles D. Mathews
First Assistant

EJ:wb

PRICE DANIEL
Attorney General

By *E Jacobson*
E. Jacobson
      Assistant